UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WITTEN TECHNOLOGIES, INC., <br><br> Petitioner in Petition to Confirm and Respondent in Application to Vacate, <br><br> v. <br><br> MALA GEOSCIENCE, AB, <br><br> Respondent in Petition to Confirm and Applicant in Application to Vacate. | Civil Action No.: 1:06-cv-01343 (RMC) |

## WITTEN TECHNOLOGIES, INC'S PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9

Pursuant to 9 U.S.C. § 9, Petitioner Witten Technologies, Inc. (hereinafter "WTI") applies to this Court to confirm, in its entirety, the Award of Arbitrator Kenneth Genoni issued in connection with the arbitration between the parties and attached hereto as Exhibit "A" and incorporated herein by reference. In support of this Petition, WTI submits for the Court's review its *Brief in Opposition to Application to Partially Vacate Award of Arbitrator and in Support of Petition for Confirmation of Award*.

I. JURISDICTION

1.

Petitioner WTI is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Jacksonville, Florida. Respondent Mala Geoscience, AB (hereinafter "Mala") is a subsidiary of Mala Geoscience Forvaltnings AB, located at Skolgatan 11, S-930 70 Mala, Sweden. There is complete diversity of citizenship between the parties and more

than $ 75,000, exclusive of interest and costs, is at stake in this controversy; so that this court has subject matter jurisdiction of this matter pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

2.

This Court has personal jurisdiction over Mala. Mala expressly agreed in its License Agreement with WTI to "irrevocably submit to the non-exclusive jurisdiction of any federal court." Both parties agreed both that their arbitration hearing would be held in Washington, D.C. and that judgment on any arbitration award resulting from the hearing could be entered in any court enjoying jurisdiction over the award. The hearing was held in the District of Columbia in late April, 2006.

## II.   VENUE

3.

Venue is proper in the U.S. District Court for the District of Columbia under 9 U.S.C. §9 because the parties' arbitration agreement is silent as to the particular court in which actions to enforce arbitration awards should be filed and this is the United States court in and for the judicial district in which the arbitration award sought to be confirmed was made.

## III.   FINALITY OF ARBITRATION AWARD

4.

In September 1997, Petitioner and the Respondent entered into a written License Agreement (hereinafter "LA") for, among other things, the licensing of certain radar hardware technology (hereinafter "CART") developed by the parties pursuant to a Prototype Development Agreement (hereinafter "PDA") also concurrently signed in 1997. A true and correct copy of the LA, whose

terms were activated by the signing of the parties' Exchange and Settlement Agreement (hereinafter "ESA") on October 1, 2002, is attached to this Petition as Exhibit "B."

5.

The LA provided, in Section 17, that "[a]ny claim, dispute, disagreement, or controversy that arises among the parties . . . relating to this Agreement that is not amicably settled shall be resolved by **final and binding arbitration** . . ." *emphasis added.*

6.

Under this provision of the LA, this Court was granted power to enter a judgment on any award resulting from arbitration because the arbitration award was intended to be a final and nonappealable decision on the controversy arbitrated. In particular, LA § 17(e) provided that "[j]udgment on the award rendered by the arbitrator may be rendered in any court having jurisdiction thereof." As discussed *supra*, this Court has such jurisdiction.

7.

On or about June 2, 2005, Mala initiated AAA arbitration against WTI pursuant to the LA's arbitration provisions, seeking termination of the LA on allegations of WTI's insolvency, fraud in the inducement and failure to use best efforts and create and maintain an efficient sales organization. WTI denied Mala's claims and raised counterclaims in which it alleged that Mala had committed fraud and had provided deficient CART hardware incapable of widespread sub-licensing, among other things. In connection with its counterclaims, WTI sought recovery of attorneys' fees and costs, along with the return of certain WTI intellectual property (hereinafter "Patents") Mala had fraudulently acquired from WTI.

8.

Pursuant to the arbitration clause of the agreement, the parties submitted the dispute to arbitration. Attached to this Petition as Exhibit "C" are the documents appointing Arbitrator Kenneth A. Genoni, an experience patent attorney who is a member of the Fish & Neave IP group with Ropes & Gray, L.L.P. in Washington, D.C. (hereinafter "Arbitrator"), chosen by AAA (with submissions by the parties) to preside over the arbitration hearing, resolve the dispute, and issue a binding award reflecting his decision.

9.

With both parties attending, the Arbitrator: held hearings for five (5) full days; heard the examination, cross-examination, and (in some cases) re-direct and re-cross examination, of 11 witnesses; examined copious evidence (discovery produced no less than 13,000 pages of documents, with over 600 documents submitted as exhibits and 4 depositions admitted at the hearing for the Arbitrator's consideration); held 2 telephone conferences with counsel from both parties prior to the hearing; considered pre-hearing, post-hearing, and reply briefs from both parties amounting to 200 pages of argument with numerous of exhibits; post-reply brief closing arguments; and, based on all the evidence, made an award in writing. The award is dated July 10, 2006, and a true and correct copy of this award is attached to this Petition as Exhibit "A."

10.

Mala has subsequently failed to voluntarily satisfy the arbitration award and has filed a frivolous and baseless Application to Partially Vacate the Award in this Court. Therefore, a judgment on the arbitration award is needed to permit WTI to enforce it.

11.

This petition is authorized by the terms of the arbitration agreement, Section 9 of the Federal Arbitration Act, and the award itself.

12.

This petition is timely because it is filed within one year after the award was made.

WHEREFORE, Petitioner prays that:

A. This Court make an order confirming the award of the Arbitrator, as authorized by Section 9 of the Federal Arbitration Act;

B. This Court enter a judgment that conforms to the award of the Arbitrator;

C. Petitioner WTI be awarded its costs, attorneys' fees, and disbursement in this proceeding;

D. Petitioner WTI be granted pre-judgment interest on the Arbitrator's award, calculated beginning on the date of the Award; and that

E. Petitioner have any and all other relief that the court deems just and proper.

Respectfully submitted this 5th day of September, 2006, by:

　　　/s/ William Sekyi　　　
William Sekyi (DC # 480325)
FISH & RICHARDSON, P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
TEL: (202) 783-5070

*Attorney for Witten Technologies, Inc.*